# IN THE COURT OF APPEALS OF IOWA

No. 16-1359
Filed September 28, 2016

**IN THE INTEREST OF A.B.,**
**Minor Child,**

**D.M., Father,**
　　　Appellant.
_____

　　　Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.


　　　A father appeals from the order terminating his parental rights.
**AFFIRMED.**


　　　Shane P. O'Toole of Law Office of Shane P. O'Toole, Des Moines, for appellant father.

　　　Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

　　　Meegan M. Langmaid-Keller of Keller Law Office, P.C., Altoona, for minor child.


　　　Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

A father appeals from the order terminating his parental rights. We find the father did not preserve error on his due process claims relating to his motion to continue. The father did not cite any authority to support his objection to the admission of certain exhibits on due process grounds, and therefore, the issue has been waived. Termination of the father's parental rights is supported by clear and convincing evidence, termination is in the child's best interest, and the juvenile court properly did not apply an exception to termination. We affirm the decision of the juvenile court.

## I.    Background Facts & Proceedings

D.M., father, and K.B., mother, are the parents of a child born in 2014. The family came to the attention of the Iowa Department of Human Services (DSH) in March 2015 due to a report of domestic violence and drug use by the parents. The child was adjudicated to be in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(n) (2015). The child was removed from the mother's care on October 14, 2015, because the parents had violated a no-contact order and another incident of domestic violence had occurred. The child was placed with the maternal grandmother.

The parents continued to violate the no-contact order. In December 2015, the father fractured the mother's nose and injured her hand.[1] The father was offered weekly visits, but he only participated in six visits with the child

---

[1] The father was alleged to have committed many assaults against the mother, including making threats to kill her.

throughout the entirety of the case. Additionally, the father had minimal participation in the services offered him.

The father tested positive for methamphetamine in January 2016. His probation was revoked in Polk County and he was sentenced to five years in prison.[2] On June 1, 2016, the father was sentenced to two years in prison on a charge of domestic abuse assault, second offense, in Jasper County.

On May 26, 2016, the State filed a petition seeking termination of the father's parental rights.[3] On July 20, 2016, father filed a motion for continuance of the termination hearing, which was scheduled for July 22, 2016, on the ground the State had filed thirty-five exhibits that day. The juvenile court denied the motion to continue, stating, "Although the State is not obligated to provide its exhibits in advance of trial, it did so." The court noted the exhibits consisted of documents from the underlying CINA file and the father's criminal record. The court stated the father's counsel could object to exhibits during the hearing.

The juvenile court terminated the father's parental rights under section 232.116(1)(e) and (h). The court found termination was in the child's best interests, stating:

> The father's ability to care for his child is obviously affected by his substance-related problems as shown by his "positive" drug patch and his repeated "no-shows" for the other drug screens, his repeated assaults on the mother and his failure to address his mental health and anger management needs, his indifference to exercising his visits with his child or even remain in contact with his child, his indifference to cooperating with services, and his current imprisonment. He has not been able to care for the child for the

---

[2] The father was on probation for charges of domestic abuse assault causing bodily injury, attempted burglary in the third degree, and assault with intent to inflict serious injury.

[3] The State did not seek termination of the mother's parental rights.

past nine months and will not be able to do so in the near future. His problems, as recited above, have prevented him from providing for the child's safety, long-term nurturing and growth, and physical, mental and emotional needs, and will continue to prevent him from doing so for the foreseeable future.

The court declined to apply any of the exceptions to termination found in section 232.116(3). The father appeals the termination of his parental rights.

## II.     Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the children. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III.     Motion to Continue

The father claims the juvenile court should have granted his motion to continue. The State filed thirty-five exhibits two days before the termination hearing and the father claims he did not have sufficient time to review the exhibits with his attorney before the hearing.

A motion to continue should not be granted, except for good cause. *In re R.B.*, 832 N.W.2d 375, 378 (Iowa Ct. App. 2013). "We review a motion for continuance under an abuse of discretion standard and will only reverse if injustice will result to the party desiring the continuance." *In re C.W.*, 554 N.W.2d 279, 281 (Iowa Ct. App. 1996). We determine the juvenile court did not abuse its

discretion in denying the motion. As the court noted, the exhibits filed by the State included documents from the CINA case and the father's criminal history, all of which he had prior access to and would have been aware of.

On appeal, the father claims the denial of his motion to continue was a violation of his due process rights. We conclude the due process issue regarding the motion to continue has not been preserved for our review. The motion to continue and the court's ruling on the motion do not mention due process. In juvenile proceedings, as in other proceedings, issues may not be raised for the first time on appeal. *See In re N.W.E.*, 564 N.W.2d 451, 455-56 (Iowa Ct. App. 1997).

### IV.    Admission of Exhibits

At the termination hearing, the father objected to the State's exhibits on the grounds of due process and the juvenile court overruled the father's objections. The father does not cite any authority on appeal to support his due process claims. "Failure to cite authority in support of an issue may be deemed waiver of that issue." Iowa R. App. P. 6.903(2)(g)(3). We do not consider issues which have been waived on appeal. *State v. Short*, 851 N.W.2d 474, 479 (Iowa 2014).

### V.    Sufficiency of the Evidence

The father claims there is not sufficient evidence in the record to support termination of his parental rights. The father's parental rights were terminated under section 232.116(1)(e) and (h). Where a parent's rights have been terminated on multiple grounds, "we need only find termination appropriate under

one of these sections to affirm." *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014).

We determine there is clear and convincing evidence to support termination of the father's parental rights under section 232.116(1)(e). The child had been adjudicated CINA. *See* Iowa Code § 232.116(1)(e)(1). The child had been removed from the parents' care for more than six months. *See id.* § 232.116(1)(e)(2). Also, the father did not maintain significant and meaningful contact with the child. The term "significant and meaningful contact"

> includes but is not limited to the affirmative assumption by the parents of the duties encompassed by the role of being a parent. This affirmative duty, in addition to financial obligations, requires continued interest in the child, a genuine effort to complete the responsibilities prescribed in the case permanency plan, a genuine effort to maintain communication with the child, and requires that the parents establish and maintain a place of importance in the child's life.

Iowa Code § 232.116(1)(e)(3). Here, even before the father was sent to prison he participated in only a few of the visitation times available to him and he had minimal participation in services. Although he was employed full-time, the father paid only $500 to support the child. The father had not maintained a place of importance in the child's life and a DHS worker testified it was doubtful the child would know the father.

## VI.    Best Interests

The father claims termination of his parental rights is not in the child's best interests. He points out the mother's parental rights were not terminated and she was given an additional six months to work towards reunification. He states because the mother's parental rights were not terminated, it was not necessary

to terminate his parental rights. We agree with the juvenile court's conclusions on this issue:

> The father showed indifference to the needs of the child by ignoring the child and refusing to cooperate with services or be a meaningful part of the child's life. All of this occurred when the father had the opportunity to participate in the child's life, yet he deliberately and intentionally chose not to, to the detriment of the child. At trial, the father made no apologies for his past actions, but only excuses, and now says he will do better when he gets out of prison. It is not in the best interest of the child to live in a state of limbo, with a father she may not even know, until he can get out of prison and can correct his attitude, behaviors, and priorities, if ever.

We conclude termination of the father's parental rights is in the child's best interests.

## VII. Exceptions

The father claims the juvenile court should have decided not to terminate his parental rights based on the exception to termination found in section 232.116(3)(c), which provides a juvenile court may decide not to terminate a parent's rights if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." The juvenile court decided not to apply any of the exceptions found in section 232.116(3), noting "[b]efore going to prison, the father did nothing to further himself or to improve the child's lot in life, and for the past six months has had absolutely no contact with the child." We agree with the court's reasoning.

We affirm the decision of the district court terminating the father's parental rights.

**AFFIRMED.**